FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 NOV 20 PM 3:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GINGER A. McDILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 03-PT-0737-E |
| ) | |
| THOMAS E. WHITE, Secretary, ) | |
| Department of Defense, ) | |
| ) | ENTERED |
| Defendant. ) | NOV 2 0 2003 |

MEMORANDUM OPINION

This cause comes on to be heard upon Secretary, Department of Defense's ("DOD") Motion to Dismiss, filed on October 20, 2003.[1]

FACTS AND PROCEDURAL HISTORY

McDill was formerly employed by the Directorate of Engineering and Housing Billeting - NAF, a division of the Department of the Army at Ft. McClellan, Alabama.[2] On April 2, 2003, McDill filed a complaint against Thomas E. White ("White"), Secretary, Department of Defense alleging sexual discrimination and sexual harassment in violation of Title VII.[3]

At the time McDill filed her complaint, White was not in fact Secretary of DOD; he was Secretary of the Army. According to defendant, on May 10, 2003, R. L. Brownlee ("Brownlee") became the Acting Secretary of the Army.[4]

---

[1] "Federal Defendant's Motion to Dismiss" appears to be on behalf of defendant the Secretary of DOD in general, with no specific reference to Thomas White except in the case caption.

[2] The complaint states that McDill was employed by DOD, which plaintiff now admits was inaccurate.

[3] Both McDill's EEOC complaint and the subsequent decision by EEOC, the court observes, named as defendants the Department of the Army and White as Secretary of the Army.

[4] The Department of the Army's official website, the court notes, indicates that a new Secretary of the Army has not yet been confirmed.

14

DOD seeks dismissal pursuant to Rules 12(b)(1)(lack of subject matter jurisdiction), 12(b)(5)(insufficiency of service of process), 12(b)(6)(failure to state a claim), and 12(b)(7)(failure to join a party under Rule 19). On November 4, 2003, McDill filed motions to amend the style of the case to properly identify White as Secretary of the Army and to amend the complaint by substituting the word "army" for "defense" in portions of the complaint. The court granted both motions on November 7, 2003.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS

### I.  Federal Defendant's Motion

First, DOD points out, the Complaint erroneously (1) identifies McDill as a DOD employee and (2) names the Secretary of DOD as the governmental defendant. In fact, DOD asserts, McDill was employed by the Department of the Army, and thus the Secretary of the Army is the only proper defendant. Defendant notes Brownlee's promotion to Acting Secretary of the Army on May 10, 2003. Invoking Rule 12(b)(6), DOD argues that McDill may not seek relief against the Secretary

of Defense and thus the action must be dismissed. Moreover, DOD contends, dismissal based on Rule 12(b)(5) is appropriate since the docket sheet reflects that the summons and complaint were served upon the Secretary of Defense but not on the Secretary of the Army (the proper defendant).

Relying upon Rules 12(b)(7) and 19(a)(1), DOD further asserts that McDill has failed to name the Secretary of the Army as a defendant, "in whose absence complete relief cannot be accorded." Finally, in addressing paragraphs 1E and 12 of the Complaint,[5] DOD argues: "To the extent Plaintiff attempts to assert a constitutional deprivation claim against the Department of Defense or any agency or subentity thereof, the claim is barred by sovereign immunity" and thus subject to dismissal under Rules 12(b)(1) and 12(b)(6).

## II.    Plaintiff's Response

While McDill admits that she was an employee of the Department of the Army and that the Secretary of the Army was the proper defendant (not the Secretary of Defense), McDill avers that she correctly named White as a defendant, since he was Secretary of the Army as of April 2, 2003, the date the Complaint was filed. McDill contends that her erroneous designations of DOD in the complaint were typographical errors. McDill argues that she followed the EEOC's instruction to "name the person who is the official agency or department head." *See* Pl. Opp., Ex. B. Plaintiff contends that she did not learn that Brownlee was acting Secretary of the Army until October 20, 2003. McDill relies upon Rule 25(d)(1):

> When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the

---

[5] ¶ 1.E. of the Complaint alleges as an unlawful employment practice: "Depriving plaintiff of employment rights in violation of due process of law guaranteed by the Fifth Amendment to the United States Constitution." ¶ 12 states that DOD is an agency of the Executive Branch of the United States Government.

substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded.[6]

Addressing DOD's contention that McDill did not properly serve the Secretary of the Army, McDill asserts, she served White by certified mail on April 10, 2003, and she has never been informed that White was not properly served. Additionally, McDill contends, she gave notices of her complaint to the U.S. Attorney and the Attorney General on August 23, 2003 and August 29, 2003, respectively. McDill denies DOD's sovereign immunity claim and argues that since she named White (although mislabeled as Secretary of Defense) as the defendant in her complaint, the court does have subject matter jurisdiction.

**III.     Federal Defendant's Reply**

The defendant filed no reply. However, the attorney for defendant has verbally indicated to the court that the Department of the Army will accept service of the amended complaint.

### CONCLUSION OF THE COURT

After such service, the defendant can then decide whether to re-file a motion to dismiss. The present motion will be **DENIED, without prejudice** to any such refiling on any appropriate ground(s).

This ___ of November, 2003.

```
                                    ROBERT B. PROPST
                              SENIOR UNITED STATES DISTRICT JUDGE
```

---

[6] Rule 25(d)(1) continues: "An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution."

4